# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ANITA KUNZMAN, on behalf of herself and others similarly situated, | : : CIVIL ACTION FILE NO. |
| Plaintiff, | : : |
| v. | : **COMPLAINT – CLASS ACTION** : |
| ARVIV MEDICAL AESTHETICS, PLLC, a Florida company, | : : **JURY TRIAL DEMANDED** : |
| Defendant. | : |

Plaintiff Anita Kunzman (hereinafter referred to as "Plaintiff" or "Kunzman"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress

have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.  This case involves a campaign by Arviv Medical Financial Advisors, Inc. (hereinafter referred to as "Defendant" or "Arviv Medical") to market its services through the use of automated telemarketing calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA") and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

3.  The recipients of Arviv Medical's illegal text messages, which include Plaintiff and the proposed classes, are entitled to damages under the TCPA and FTSA, and because the technology used by Arviv Medical makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

**PARTIES**

4.  Plaintiff Kunzman is a resident of New Port Richey, Florida.

5.  Defendant Arviv Medical Aesthetics, PLLC, is a Florida professional limited liability company. Defendant conducts business in this district and throughout the U.S.

---

[1] The amendment to the FTSA became effective on July 1, 2021.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over the TCPA claim pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the FTSA claims, as they arise out of the same telemarketing campaign as the TCPA claim.

7. This Court has general personal jurisdiction over Arviv Medical because the company resides here.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Arviv Medical directed the calls at issue to Plaintiff from this District.

## TCPA BACKGROUND

<u>The National Do Not Call Registry</u>

9. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

10. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on

whose behalf" such calls are promoted.   47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

12. Defendant Arviv Medical is a "person" as the term is defined by 47 U.S.C. § 153(39).

13. Defendant Arviv Medical owns and operates medical spa facilities and provide beauty treatments services to consumers.[2]

14. Defendant Arviv Medical also sells beauty products through their online store to consumers throughout the U.S.[3]

15. Plaintiff Kunzman registered her cell phone with the National Do Not Call Registry on November 18, 2004.

16. Plaintiff Kunzman uses her cell phone for personal use only. It is not used as a business number.

17. In February 2022, Plaintiff Kunzman started receiving unwanted telemarketing text messages from Defendant Arviv Medical to her cell phone soliciting Defendant's services.

18. On February 2, 2022, at 11:03 AM, Plaintiff received a text message

---

[2] https://arvivaesthetics.com/
[3] https://store.arvivaesthetics.com/?_ga=2.254861704.1641700280.1645991659-1030536653.1644530181

from Defendant Arviv Medical using the phone number 844-740-0724, soliciting Defendant's products and services to the Plaintiff. The unsolicited telemarketing text message failed to identify the first and last names of the telephone solicitor who sent the text message to the Plaintiff's phone.

> +1 (844) 740-0724
>
> Text Message
> Today 11:03 AM
>
> Pre-Valentines treat at Arviv Medical
> Buy 100u Botox* get 50u FREE (Save $650)
> Buy 300u of Dysport* get 1 FREE filler (Save $700)
> Coolsculpting 8 cycles $3400 + get 50% off 4 treatments of Emsculpt NEO
> *First 15 clients, Ends 2/4/22.
> Tampa 8138550111
> Miami 3053409002

19. The phone numbers 813-855-0111 and 305-340-9002 are advertised on Defendant's website:

> Call us today to schedule your consultation:
> Tampa: 813-855-0111
> Miami: 305-340-9002 [4]

20. On February 27, 2022, at 3:08 PM, Plaintiff Kunzman received another text message from the phone number 844-678-1287, soliciting Defendant's services

---

[4] https://arvivaesthetics.com/

to her. Defendant failed to identify the name of the business on whose behalf the text message was sent, or the first and last names of the person who sent the text message to the Plaintiff's cell phone.



21. On calling the phone number 844-678-1287, it is answered by the same automated system identifying Defendant Arviv Medical as the previous phone number, 844-740-0724.

22. Plaintiff Kunzman has never had any business relationship with Defendant Arviv Medical.

23. Plaintiff Kunzman was not looking for the Defendant's products or services and has never given her express written consent to Defendant Arviv Medical to send telemarketing text messages or place telephonic solicitation calls to her cell phone.

24. Plaintiff Kunzman received multiple unwanted telemarketing text messages from Defendant Arviv Medical.

25. In response to these text messages, Plaintiff file this lawsuit seeking injunctive relief requiring the Defendant to cease violating the Telephone Consumer Protection Act and Florida Telephone Solicitation Act, as well as an award of statutory damages to the members of the Classes and costs.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

27. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Unidentified Telephone Solicitor Class:** All persons in Florida who (1) received an unsolicited telephonic text message from or on behalf of the Defendant, (2) in which the sender failed to identify their full name and the business on whose behalf the solicitation call was made, as in the telephonic sales messages received by the Plaintiff, (3) on or after July 1, 2021.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reasons Defendant texted Plaintiff.

28. Plaintiff Kunzman is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the Class members.

29. Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

30. Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, the use of their data plans, and the intrusion on their telephone that occupied it from receiving legitimate communications.

31. This Class Action Complaint seeks injunctive relief and money damages.

32. The Classes as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

33. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes the Classes' members number, at minimum, in the hundreds in each class.

34. The joinder of all members of the Classes is impracticable due to the size and relatively modest value of each individual claim.

35. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

36. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

    (a) whether Defendant sent telemarketing text messages without first obtaining prior express written consent;

    (b) whether Defendant systematically sent telemarketing text messages to telephone numbers registered with the National Do Not Call Registry;

    (c) whether Defendant's text messages constitute a violation of the TCPA and FTSA; and

    (d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

37. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

38. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so.

39. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

40. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## COUNT I
**Violation of the Florida Telephone Solicitation Act,
Fla. Stat. § 501.059
On Behalf of Plaintiff Kunzman and the Unidentified Telephone Solicitor
Class**

41. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 40 as if fully set forth herein.

42. Plaintiff brings this claim individually and on behalf of the members of the Unidentified Telephone Solicitor Class against Defendant.

43. The FTSA requires "any telephone solicitor who makes an unsolicited telephonic sales call to a residential, mobile, or telephonic paging device telephone number" to mandatorily "identify himself or herself by his or her true first and last names and the business on whose behalf he or she is soliciting immediately upon making contact by telephone with the person who is the object of the telephone solicitation." Fla. Stat. § 501.059(2)

44. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

45. In violation of the FTSA, Defendant failed to identify the name of the telephone solicitor or the business on whose behalf those unsolicited telephonic sales calls were made and/or caused to be made to Plaintiff and other members of the Unidentified Telephone Solicitor Class.

46. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a

minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT II
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227**
**On Behalf of Plaintiff Kunzman and the Do Not Call Registry Class**

47. Plaintiff repeats and realleges paragraphs 1 through 40 of this Complaint and incorporates them by reference.

48. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

49. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

50. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as the Plaintiff and

12

the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

51. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

52. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services to numbers on the National Do Not Call Registry in the future;

b) That the Court enter a judgment awarding Plaintiff and all class members statutory damages for each violation of the TCPA and FTSA;

c) An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; and

d) Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: March 8, 2021.                Respectfully submitted,

By: /s/ Stefan Coleman

Stefan Coleman (FL Bar no. 30188)
law@stefancoleman.com
**Coleman PLLC**
66 West Flagler Street
Suite 900
Miami, FL 33130
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman, Esq. (FL Bar no. 84382)

**KAUFMAN P.A**
237 South Dixie Hwy, Floor 4
Coral Gables, Florida 33133
kaufman@kaufmanpa.com
(305) 469-5881

*Counsel for Plaintiff and all others similarly situated*